Allen, administrator, *et al. vs.* Daniels.

A widow claimed dower in certain land left by her husband, and arbitrators, to whom the matter of her claim was left, awarded her a certain sum in lieu of dower. Sometime afterward, the widow applied to the judge of the superior court for an order to the administrator of her husband to sell the land ; and an order was granted directing the sale in accordance with the law regulating administrator's sales. The application by the widow was *ex parte,* and no one was served. The land was sold and purchased by Elam, who did not pay the purchase money, and an order was obtained directing him to comply with the terms of the sale within a certain time. In the meantime, he and another appeared and had themselves made parties to the proceedings by the widow, and sought to participate in the fund arising from the sale, but they failed to allege or show wherein they were interested.

*Held,* that there was no error in granting an application made by the widow to set aside the order of sale and the order directing Elam to comply with his bid, so that she might dismiss her proceeding, although all these proceedings were irregular. It does not appear that anybody was interfered with or hurt. The property be-

longs to the estate of the husband, and the duty of the administrator is to sell it to pay debts or for distribution. If the parties to the present cause have any interest, they may then litigate and have their rights determined.

July 11, 1888.

Administrators. Practice in superior court. Before Judge FORT. Sumter superior court. April adjourned term, 1887.

Reported in the decision.

S. C. ELAM, J. C. MATHEWS and W. H. FISH, for plaintiff in error.

B. P. HOLLIS, *contra.*

BLANDFORD, Justice.

Mrs. Daniels, who was the widow of Jesse C. Jackson, claimed dower in certain land which Jackson had left at his death; an arbitration was had, and the arbitrators awarded her $300, in lieu of her dower, out of the property. For some time no further step was taken. The administrator died, and Allen was appointed administrator *de bonis non.* Mrs. Daniels then applied to the judge of the superior court for an order to sell this land; and the court granted an order directing the administrator to sell, in accordance with the law regulating administrator's sales. This application was *ex parte,* and no one was served. The land was accordingly sold, and was purchased by Elam. Elam, however, did not pay the purchase money, and an order was obtained directing him to comply with the terms of the sale within a certain time. In the meantime, Elam and Black appeared and had themselves made parties to the proceedings instituted by Mrs. Daniels for the sale of the property, and sought to participate in the fund arising therefrom. Mrs. Daniels then applied to the

court to set aside the order of sale and the order directing Elam to comply with his purchase, so that she might dismiss her proceeding. The court granted this application; and to the order granting the same, Elam and Black and the administrator excepted.

While there was great irregularity in these proceedings, we do not know how the judge could have done better than he did in granting the order allowing Mrs. Daniels to dismiss her proceeding, and revoking the order of sale. It does not appear that anybody was interfered with or hurt thereby. When Elam and Black came forward and had themselves made parties, they failed to show wherein they were interested; there was no allegation as to their interest, or in what manner they were interested in that proceeding. This property belongs to the estate of Jackson, and the administrator's duty is to sell the same for the payment of the intestate's debts, if there be any, or for distribution. These parties, if they have any interest, may then litigate, and have their rights in the premises determined.

We therefore affirm the judgment of the court below.